P. N. HEILEG and others, Administrators of SARAH HEILEG, v.
ISHAM A. DUMAS.

In an action against several co-obligors to a bond in which one only ·
pleads *non est factum*, it is not competent for the plaintiff on the trial.
of the issue with him to prove that he and another of the obligors.
were strong personal friends, and it is also incompetent for the plain-
tiff to prove that all the co-obligors of the contesting defendants were ·
men of good character.

The case of *McRae* v. *Lilly*, 1 Ire. 118, cited and approved.

This was an action of covenant, under the old mode of pro- ·
cedure, upon the following sealed instrument: "One day ·
after date, we, Angus Martin, Isham Dumas, and A. H.
Saunders, as principals, and Parsons Harris and Thomas S.
Cotton, as sureties, promise to pay Sarah Heileg, fifteen
hundred dollars in gold coin, for value received. July 25th,
1859.

|  | | |
|---|---|---|
|  | A. MARTIN, | [SEAL.] |
|  | A. H. SANDERS, | [SEAL.] |
|  | J. A. DUMAS, | [SEAL.] |
| Credit of interest to | T. S. COTTON, | [SEAL.] |
| 20th July, 1861. | P, HARRIS, | [SEAL."] |

No appearance was entered for any of the defendants, ex-
cept Dumas, who entered the plea of *non est factum*.

On the trial of the issue on this plea, at the Fall Term,
1870, of ROWAN Superior Court, before his Honor, *Judge
Henry*, there was conflicting evidence as to the execution of ·
the bond by Dumas, when the plaintiffs offered to prove that
the defendants, Dumas and Martin, lived within eight miles of ·
each other, and that they were strong personal friends. The
evidence was objected to by the defendant but received by
the Court. The plaintiff also proposed to prove that all the
co-obligors of the defendant, Dumas, were men of good char-
acter. This was also objected to by the defendant but ad-
mitted by the Court. Under the charge of his Honor the

plaintiffs had a verdict and judgment and the defendant, Dumas, appealed.

*Dowd,* for the defendant.
*Blackmer & McCorkle,* for the plaintiffs.

SETTLE, J.   There was error in admitting the evidence that the defendant Dumas, and Martin, a co-obligor in the covenant sued upon, were strong personal friends.

It is the duty of the Court to protect juries from irrelevant and incompetent testimony.   This circumstance, conceding it to be true, is too remote to throw any light upon the transaction under investigation, and could only serve to mislead and confuse the jury, as to the true matter of inquiry.

The fact of their being strong personal friends does not tend to prove that Dumas executed the covenant sued upon, and furnishes no legal foundation for such an inference.

What we have said in reference to this testimony is equally applicable to the evidence which was admitted to prove that all the co-obligors of the defendant, Dumas, were men of good character.   In civil suits the general rule is, that unless the character of the party be put directly in issue, by the nature of the proceeding, evidence of his character is not admissible. *McRae* v. *Lilly,* 1 Ired. 118.   In *Fowler* v. *Ætna Fire Insurance Company,* 6 Cowan 673, the Court say, in speaking of the admissibility of evidence of character in a civil suit, "if such evidence is proper, then a person may screen himself from the punishment due to fraudulent conduct, till his character becomes bad.   Such a rule of evidence would be extremely dangerous.   Every man must be answerable for every improper act, and the character of every transaction must be ascertained by its own circumstances, and not by the character of the parties."   The same doctrine is laid down in *Thompson* v. *Bowie,* 4 Wal. 470.

But in our case the admission of evidence of the good character of co-obligors was much more irrelevant to the issue involved, than it would have been in any of the cases cited. Indeed it was not the character of the defendant, Dumas, who is contesting this matter, which was sought to be directly proved, but the more remote matter of the character of his co-obligors, in order that an inference might be drawn from that fact to his prejudice.

The judgment of the Superior Court is reversed and a *Venire de novo* awarded.

PER CURIAM.                    *Venire de novo.*