CHARLES C. PRICE and others *v.* H. C. ECCLES.

Where in an action for an account the defendant in his answer admitted a partnership, but in avoidance of a general account pleaded a full settlement as to matters prior to a certain date except certain debts due to and from the partnership which were thereafter to be accounted for by the defendant: *Held,* that as under the provisions of C. C. P., sec. 127, the settlement must be taken as denied, it was error to grant an order of reference to state an account before trying the issue raised by the pleadings as to the settlement.

CIVIL ACTION, for an account, tried before *Wilson, J.,* at Fall Term, 1874, ROWAN Superior Court.

The plaintiffs moved for an order of reference, which was allowed as to certain notes and accounts admitted by the defendant to have been left in his possession, on a settlement with the plaintiffs, and refused as to a general account. All other facts necessary to an understanding of the case, as decided

in this Court, are stated in the opinion of Justice RODMAN.

From so much of the above order as refuses a general account the plaintiffs appealed.

*Bailey*, for appellant.
*Barringer*, contra.

RODMAN, J. The complaint alleges a partnership between the plaintiffs and defendant, which has expired by its own limitation, and that defendant received the partnership assets and has not accounted, and prays an account. Of course, on this statement the plaintiffs are entitled to the decree prayed for.

The answer admits the partnership, but in avoidance of an account of matters prior to 31st of December, 1872, sets up a full settlement on that day, with the exception of certain debts and accounts due to and from the partnership, which were thereafter to be accounted for by the defendant.

. Sec. 127, C. C. P., so far as is pertinent to the present question, reads as follows : " But the allegation of new matter in the answer, not relating to the counter-claim, or of new matter in reply, is to be deemed controverted by the adverse party as upon a direct denial or avoidance, as the case may require."

If the alleged settlement had been admitted or established, the question which it seems was intended to be presented by the appeal, would arise, namely, whether the plaintiffs were entitled to go behind that settlement into an investigation of the accounts prior to it. But as the settlement is denied—which seems to have escaped the attention of the Judge below—no such question can be presented until the issue upon it made by the answer, and by the replication thereto, which the Code assumes, shall be determined. The Judge, in his judgment, assumes the fact of the settlement as pleaded, in which he was clearly in error.

As to the effect of a settlement, such as that pleaded in the answer, if it shall be established, we would not be justified in

expressing any opinion until the question shall be presented to us. All we can do is to say that the Judge erred in his judgment.

Judgment reversed, and case remanded to be proceeded in, &c. Let this opinion be certified.

PER CURIAM.                                        Judgment reversed.