A. K. CLEMENTS v. M. A. ROGERS, Extrx., et als.

*Appeal—Evidence—Issues—Character—Judge's Charge.*

1. Where an action is brought for an account, and the answer pleads matter in bar of the account, and a trial is had of the issues raised by the plea in bar, an appeal lies by the defendant from a judgment ordering an account before the account is taken.

2. In an action by a principal against his agent for an account and settlement, it is error to admit the declarations of a partner of the agent, that a firm, of which the agent was a member, had paid a debt to him as agent of the plaintiff. Such evidence is hearsay, and as it manifestly tends to the injury of the defendant, it is error to let it go to the jury.

3. Where, in such case, the agent pleads a settlement and discharge, a witness cannot testify to such declarations of a partner of the agent, to explain why he advised the plaintiff not to sign a discharge of the agent, the debt from the partnership not being embraced in the statement rendered by the agent at that time..

4. A new trial will not be granted because of the submission of alleged improper issues, when they were submitted after argument and without objection, and substantially cover the merits of the case.

5. In an action against the executrix of an agent for an account and settlement, evidence of the character of the testator, whether good or bad, is incompetent. ·

6. If a special instruction asked for is substantially given, it is all that is required. A party has no right to have his prayers for instruction, even if proper, given to the jury in the very words in which they are asked.

7. The Supreme Court will not consider exceptions, unless they point out in terms, or by reasonable implication, the error intended to be reviewed.   So where the record showed that the appellant excepted generally to the entire charge, the exception was not considered.

(*Price* v. *Eccles*, 73 N. C., 162 ; *Smith* v. *Barringer*, 74 N. C., 665 ; *Sloan* v. *McMahon*, 85 N. C., 296 ; *Commissioners* v. *Raleigh*, 88 N. C., 120 ; *Humble* v. *Mebane*, 89 N. C., 410 ; *Burton* v. *The Railroad*, 84 N. C., 19; *Heilig* v. *Dumas*, 65 N. C., 214, cited and approved).

CIVIL ACTION, tried before *Clark, Judge,* and a jury, at October Civil Term, 1885, of WAKE Superior Court.

The defendants appealed.

The facts appear in the opinion.

*Messrs. Geo. V. Strong* and *A. M. Lewis,* for the plaintiff.
*Mr. Daniel G. Fowle,* for the defendants.

MERRIMON, J.   The motion to dismiss the appeal, upon the ground that the order appealed from is interlocutory and an appeal does not lie at the present stage of the action, cannot be allowed.   The action involves the settlement of an alleged agency that embraced numerous and important pecuniary transactions,· running through many years.   The defendants allege that there was a settlement of all matters embraced by that agency in July, 1875, and that the principal then executed to the agent, who was the testator of the defendant executrix, an acquittance and discharge as to all liabilities on his part, as agent, prior to that time.   This the plaintiff denies, and thus an issue is raised.

The defendant executrix admits, however, that the agency mentioned continued after the alleged settlement, for several years, and concedes that an account of transactions embraced by it since the time of the alleged settlement ought to be taken, and she

avers her readiness to account in that respect. The action was tried upon the issues raised by the pleadings, and the jury found by their verdict, that there had not been any such settlement, and that the principal did not execute an acquittance and discharge to the agent, as alleged by the defendants. Thereupon, the Court entered an order directing a referee to take, state and report, an "account of the matters embraced in the complaint." From this order the appeal was taken.

It is settled by many decisions, that an appeal lies from such an order, upon the ground that if the discharge or release shall be established, then the plaintiff will not be entitled to an account, and the action will be at an end. It would be unjust and vexatious to compel a party to account, if he had already done so. The defence puts in issue the cause of action. And an account will not be directed, although the defendant admits that an account of transactions subsequent to the alleged settlement and discharge is necessary. This latter rule of practice seems to rest upon the ground, that the whole account demanded by the action should be taken at the same time, on the score of orderly procedure, convenience and economy. *Price* v. *Eccles,* 73 N. C., 162; *Smith* v. *Barringer,* 74 N. C., 665; *Sloan* v. *McMahon,* 85 N. C., 296; *Commissioners* v. *Raleigh,* 88 N. C., 120; *Humble* v. *Mebane,* 89 N. C., 410.

In the lifetime of Mary Ann Rogers, deceased, she had very considerable and important business transactions. The testator of the defendant executrix, John W. Rogers, had been her business and "financial" agent for about thirty years; in him she greatly confided, and he had charge of her business matters generally. The question at issue was, whether or not she and her agent had a settlement of his agency in July, 1875, and she then executed to him a release and discharge as her agent. The defendants alleged the affirmative of this question, the plaintiff the negative, and he averred moreover, that if there had been any such settlement, and such release and discharge, the same were fraudulent and void, and procured by the fraudulent and undue influence of the agent.

On the trial, a witness for the defendants was asked, and he answered questions put to him on the examination in chief as follows:

" Question: State what was the result of the settlement; that is, what amount was ascertained to be in the hands of John W. Rogers, as agent, in the way of notes or other property, and what amount, if any, was John W. Rogers found indebted to her? Answer: About $3,500 in notes and bonds, considered good, was found in his hands, as her agent; he gave his note to her in the settlement, about $900, for amount due Mary Ann Rogers from Leslie, Rogers & Rogers for turpentine boxes. Question: What period of time did the settlement embrace? Answer: From 1850 to 1875."

On the cross-examination of the same witness, he was interrogated, and answered as follows:

" Question: In regard to this turpentine transaction that you spoke of in your examination in chief, and for which John W. Rogers gave Mary Ann Rogers his note for about $900, please state if John W. Rogers did not then and there tell Mary Ann Rogers that he would pay her one third of that debt, provided that she would release him, and that the other two parties had not paid and were not able to pay, and that you objected to her doing so? Answer: John W. Rogers did say that he would pay her one-third, if she would acquit him; said that as to Leslie, one of the partners, nothing could be got out of him; she asked me about releasing Mr. Rogers, and I told her I would not do it.

" Question: State whether you had not been informed by J. W. F. Rogers, one of the partners in the turpentine transaction previous to that time, that the rent of the turpentine boxes had been paid to John W. Rogers, and if that was not the reason you objected to the release above mentioned? Answer: I had a conversation, but do not recollect whether it was before or after the settlement; J. W. F. Rogers did in substance state that the rent had been paid. This was not the reason I objected to the release."

The defendant objected to the last question and the answer thereto. The Court allowed the question to be answered, and this is assigned as error. As appears from its terms, the purpose of the question objected to, was to elicit hearsay evidence. And the material part of the answer was simply hearsay. John W. F. Rogers was not a party to the action, and, so far as appears, he was not in any way authorized to speak for, nor could his declarations bind or affect John W. Rogers. What he said to the witness was not said under oath, nor was he, nor could he be, cross-examined. He was not a witness; what he said may have been a careless, unguarded, unfounded remark, or misunderstood. Clearly it was not competent evidence on the trial.

As however, the Court admitted it, the jury, it must be presumed, accepted it as evidence and gave it weight as such. Its direct tendency was to the prejudice of the defendant executrix. It went to prove that her testator, as agent, sought by false and fraudulent representations, to avoid paying to his principal two-thirds of a debt of nine hundred dollars, one-third of which he owed himself, and the other two-thirds of which he had received as agent, and was bound to account for to her. Besides, it went also to show his fraudulent purpose to take advantage of, and conceal from his principal, information which he had as agent, and thus help himself to make a false and dishonest settlement to his own advantage. If competent, the evidence was very important, and went far towards warranting the verdict rendered. *Buxton* v. *The Railroad,* 84 N. C., 19.

It was said on the argument, that this evidence was not substantive in its application—that it was called out on the cross-examination, to show the motive of the witness for advising the principal not to release the agent. Such motive was not material, nor is it clear that the purpose was simply to ascertain the motive; but if that were the purpose, the plaintiff ought not to have been allowed to introduce hearsay evidence highly prejudicial to the defendant, especially without a word of caution or direction from the Court to the jury, to consider it only for the purpose of showing motive.

It was error to admit the evidence in question, and as it clearly tended to prejudice the defendant, she is therefore entitled to a new trial.

The other exceptions seem to be without merit, so far as they are sufficient to assign grounds of error at all.

The issues submitted to the jury were agreed upon by the parties, after debate and consideration. It is too late after verdict to insist upon a new trial, as matter of right, to the end that an issue submitted by agreement shall be modified, or another or others submitted, to suit the convenience or advantage of the party complaining, not necessary to meet the merits of the matter in controversy. The Court might, in its discretion, grant a new trial for such cause, if it deemed it necessary to reach the substantial ends of justice; not otherwise.

The Court properly excluded the proposed evidence as to the character of the testator of the defendant executrix. His general character, whether good or bad, had no proper bearing upon the issues submitted to the jury ; indeed, evidence in that respect could only tend to confuse and mislead the jury. *Heilig* v. *Dumas*, 65 N. C., 214.

As to the special instruction asked for, we think the Court, in substance, gave it, in the course of the instructions given to the jury. This was sufficient. A party is not entitled to have special instructions given in the very language in which the same are set forth—it is sufficient to give the substance of them.

The other "exceptions" are meaningless, and insufficient for any purpose. They neither in terms, nor by reasonable implication, assign error.

It is not generally sufficient simply to "except" to the whole instructions given by the Court to the jury. Properly, errors should in all cases be formally assigned, as directed by the statute (The Code, §550), but in any case, they must appear assigned in terms, or by such reasonable implication as to indicate what they are. Otherwise, "exceptions" must be rejected, as too vague and uncertain to be noticed.

Appellants should remember that appellees have rights as well as themselves, and they have the right to know, with reasonable certainty, the grounds of the appeal taken.

The appeal is as much a part of the procedure in the action as the complaint or answer, and it is essential to its effectiveness that it shall be prosecuted intelligently, observing the forms of law prescribed. It is not sufficient to take an "appeal"—it must be perfected.

The very purpose of the "case stated or settled on appeal" is to specify the grounds of error. Counsel should be careful in stating the case, to assign the errors alleged with particularity and clearness, and so also should the Courts, in settling the case. It is seldom, as we know by daily experience, that this is done even tolerably well. That it is not, is to the prejudice of litigants, as well as orderly legal procedure.

There is error. For the cause stated there must be a new trial, and to that end, let this opinion be certified to the Superior Court according to law. It is so ordered.

Error.                                                    Reversed.