A. M. QUARLES v. JOSEPH W. JENKINS.

*Account—Reference—Issues—Final Settlement.*

1. In an action for an account, if the defendant pleads final settlement, it is the duty of the Court to have this issue determined before ordering a reference for account.

2. If a settlement is conditional, upon the performance of certain things thereafter to be done by one of the parties thereto, but which have never been performed, it is not necessary, in an action for account, to allege the specific errors therein.

3. Issues which arise from the pleading should only be submitted. The Court may, in its discretion, submit questions of fact as allowed by the statute.

(*Clements* v. *Rogers*, 95 N. C., 248, and *Porter* v. *The Railroad Co.*, 97 N. C., 66, cited and approved).

This was an issue in a CIVIL ACTION, tried before *Shipp*, *Judge*, at Spring Term, 1887, of HALIFAX Superior Court.

The plaintiff alleged: That during the years 1879 and 1880, he and defendant had large business transactions, to the amount of one thousand dollars, the items in said account being composed of money and supplies advanced by the defendant to him and of cotton delivered by him to defendant and sold by said defendant; that he is unable to produce said account; and although he has repeatedly demanded an account of said transactions from the defendant, which he can easily furnish, he has refused and does still refuse to render the same to the plaintiff; that on the 29th day

of July, 1882, the plaintiff and defendant had a pretended settlement of said transactions, on which day the plaintiff paid to defendant thereon one hundred and fifty dollars more than he justly owed him, and also on said day paid the defendant, who knowingly received the same, on said account, one hundred and ten dollars as interest on said advancements; that said interest was charged and received by the defendant at the rate of more than ten and one-half per cent. on said advancement.

Wherefore the plaintiff demanded judgment against the defendant:

1. For one hundred and fifty dollars for money had and received by the defendant to the plaintiff's use, on account of cotton sold by him for the plaintiff, with interest from July 29th, 1882.

2. For the recovery of the two hundred and twenty dollars penalty for usury received by the defendant from the plaintiff on money and supplies furnished by the defendant to the plaintiff, with interest from July 29th, 1882.

3. For an account and settlement of the dealings between plaintiff and defendant, from January 1st, 1879, up to and including July 29th, 1882, and such relief as may be just.

The defendant set up the defence that on the 25th day of July, 1882, the plaintiff and defendant had a final agreement as to what was due defendant by plaintiff, and the amount due was adjusted, and thereupon one W. M. Perkins paid to defendant the amount thus acknowledged to be due by plaintiff, and the defendant delivered up to said Perkins all his notes, accounts and mortgages against plaintiff, and that plaintiff is not entitled to an account.

At November Term, 1886, his Honor Judge Gudger made an order that the issue of settlement should be tried before the main action, and the defendant excepted.

At May Term, 1887, the following issue was submitted to the jury:

Has there been a full settlement between the plaintiff and defendant?

The defendant asked for an issue as to whether Perkins had paid off the plaintiff's debt, and whether defendant had turned over all their papers to him.    Refused, and defendant excepted.

The defendant introduced the mortgage of 1880, given by plaintiff and wife to defendant, which was cancelled on the margin of the register's book.    Defendant then introduced a mortgage from Quarles and wife to Perkins.    Then he introduced the deposition of Bell, agent of Jenkins, who testified that he came to a final settlement with plaintiff in 1881, when plaintiff gave his bond for the balance due; that in July, 1882, by agreement, he went to Quarles' house, and after some controversy as to the amount of the bond, they settled finally, and Quarles paid off the bond through Perkins.

The plaintiff testified: That in 1881 he executed the bond of which a copy is attached.    This was to close up preceding dealings, but Bell, the defendant's agent, did not present his accounts, but promised to get them and correct any errors. He never did so, though witness often requested it.    In July, 1882, Bell came to witness' house to settle, but did not bring the account; witness asked for it, and Bell said if he would pay the note he would get the accounts and send them to him.    He has never got them.    Witness paid the bond that day; got Perkins to take it up and gave him a mortgage; the bond was surrendered that day and Perkins was authorized to cancel the Jenkins mortgage.    If the bond was correct the settlement was correct, otherwise not; and offered other testimony tending to sustain his version of the transaction.

Defendant asked the Court to charge the jury:

1. That if the jury believed there was a settlement in July, 1882, Bell then agreeing that he would correct any errors or mistakes, that would be merely a condition subsequent, which would not deprive the transaction of its charac-

ter of settlement, and they should find the issue in the affirmative. Refused, and defendant excepted.

2. That in order for the plaintiff to go behind the settlement he must allege in his pleadings and prove specific errors; and having failed to do so, he cannot now attack said settlement, and the jury should find the issue in the affirmative. Refused, and defendant excepted.

The Court charged the jury that if the settlement in July, 1882, was a conditional settlement, if Bell agreed to furnish an account thereafter, and correct any errors, then plaintiff is not precluded by said settlement, and the jury should find the issue in the negative. Defendant excepted.

The jury found the issue in the negative, and the Court ordered a reference to take an account. From this order the defendant appealed.

*Mr. John A. Moore*, for the plaintiff.
*Mr. R. O. Burton, Jr.*, for the defendant.

MERRIMON, J. The proceedings are informal and confused. In effect the complaint alleges two distinct causes of action—the first for money had and received, growing out of transactions that render an account necessary—the second for usury.

No question was made as to whether these causes of action could be united in the same action. As to the first, the defendant pleaded a final settlement and mutual discharges as to sundry dealings, including the first cause of action between the plaintiff and himself, on the 25th of July, 1882. This the plaintiff denies, and thus an issue was raised which the Court properly held must be tried before ordering the account to be taken incident to the first cause of action. *Clements* v. *Rogers*, 95 N. C., 248.

The plaintiff did not allege a settlement which he sought to attack for sufficient cause and have canceled or set aside,

by this action; he denies broadly that there was a final settlement as alleged by the defendant. It was not therefore necessary that he should allege specific errors, fraud or the like in a settlement he sought to overturn. The simple question raised was, was there a final settlement as alleged by the defendant or not?

The evidence as to whether there was or was not was conflicting; it tended to prove in one aspect of it that the parties essayed a settlement which was not consummated; that what was done in that respect was not to be treated as final, unless certain conditions were observed and performed on the part of the defendant.

The Court therefore properly instructed the jury, in effect, that if the settlement alleged was to be final, on conditions to be observed and performed on the part of the defendant, and he failed to observe and perform the same according to the terms as agreed upon between the parties, then there was no such settlement and discharge.

The Court properly refused to submit to the jury an issue as to whether or not a person named had paid the debt due from the plaintiff to the defendant, and "turned over all the papers to him."

This was evidential matter to be offered in evidence on the trial of issues raised by the pleadings to which it might be pertinent. Only the issues raised by the pleadings should be submitted to the jury, except that the Court may in its discretion submit questions of fact as allowed by the statute. *Porter* v. *The Railroad Co.*, 97 N. C., 66.

As to the second cause of action the defendant denied the allegations of the complaint. The issue thus raised was not tried. Any question therefore as to how far the defendant can be compelled to testify as to facts tending to charge him with liability for the usury alleged is not before us, and we express no opinion in that respect.

No error. Affirmed.