MARY E. BRIDGERS and MARCUS J. BATTLE v. JOHN L. BRIDGERS.

*Account — Reference— Consideration — Married   Woman— Contract.*

1. A plea in bar of an action for an account must be determined before ordering a reference, notwithstanding there may be other matters alleged in the pleadings arising subsequently to the matter pleaded in bar, as to which account may be necessary.

2. While a married woman, during coverture, can enter into no contract or obligation which will be enforced against her, nor will such contracts or obligations constitute a sufficient consideration to support an agreement made after the disability ceases, yet, if the consideration upon which the obligation was based, enure to the benefit of her separate estate, she will not be permitted to repudiate it.

This is an APPEAL by the defendant from an order of *Graves, J.*, directing a reference for an account, made at Spring Term, 1888, of the Superior Court of EDGECOMBE County.

The defendant, in his answer, alleged a settlement between the *feme* plaintiff and himself, made the 17th day of March, 1885, of all the matters in controversy up to June 7th, 1884, and tendered the preliminary issue in bar of the demand for an account: "Was there a settlement on the 17th of March, 1885, of the matters in controversy."

The *feme* plaintiff insisted that the admission and facts appearing in the record were sufficient to entitle her to an account, and his Honor being of that opinion, the order of reference was made.

The record is voluminous, and it is necessary to state only the substance of so much of it as bears upon the question presented by the appeal.

The complaint alleges that the *feme* plaintiff, M. E. Bridgers and the late John L. Bridgers, who died in the County of Edgecombe in the year 1884, intermarried in the year 1867, having previously thereto executed a marriage settlement, in which the plaintiff Marcus J. Battle, was appointed trustee; that in January, 1878, the trustee purchased a farm called "Strabane," containing 1,675 acres in trust to pay off certain incumbrances thereon, and then for the sole and separate use of the *feme* plaintiff, her heirs and assigns, subject to the provisions contained in the marriage settlement; that from the time of the purchase of said farm till the death of the said John L. Bridgers in 1884, the defendant, as agent of the *feme* plaintiff and her said husband, had charge and control of said farm, and as such, received the rents and profits therefrom, which were very large; that from the death of the husband of the *feme* plaintiff in January, 1884, to 1886, the defendant, who was and is an attorney at law, was the confidential attorney and agent of the *feme* plaintiff, and had the management and control of her business; that said farm was very valuable and productive, and each and every year during the agency of the defendant, has yielded a large crop of cotton, of which a large portion was

due the plaintiff, and was raised by the defendant as her agent, for which he has never fully accounted, and that upon an account and settlement he will be largely indebted to her, and she asks for an account.

The answer admits the marriage, the marriage settlement, the death of the husband and the purchase of the "Strabane" farm, and states that at the death of the husband no contracts had been made for the employment of a superintendent and laborers for the cultivation of the farm, and at the request of the *feme* plaintiff the defendant assisted her in making contracts with the superintendent and laborers for the farm for 1884 and 1885, and at her request furnished the means for operating the farm for both those years, and by her request and direction sold such of the crops raised thereon as were sent to him, for that purpose, and received the proceeds of such sales, but he denies that he ever was her attorney. He also denies that he had any charge or control of the farm, or that he received the rents and profits therefrom except as stated in the answer. He denies that he received the proceeds of the crop or any part thereof for the years 1878 and 1879, and says that in the beginning of the year 1880, the *feme* plaintiff borrowed from the Bank of New Hanover the sum of $4,500 with which to carry on the operations of her farm for that year, and the proceeds of the sales of the crops for that year were placed in his hands, with which to discharge said indebtedness, and there was a balance left of $329.35, which was credited on her account for 1881.

The answer further alleges that the defendant, as agent for the *feme* plaintiff, made payments for her upon various accounts of large sums of money in the years 1880, 1881, 1882 and 1883, and received on her account during those years large sums, which were placed to her credit, which are set out in the answer. He also sets out a statement of divers sums paid for the plaintiff for money borrowed for her use and used in the production of the crops for the years named.

That on the 7th day of June, 1884, there was a large sum due the defendant, and that he was also indebted to the plaintiff in sums named, and on that day he made up his accounts for the year mentioned, which, with the vouchers for the payment, were fully and carefully explained to the *feme* plaintiff; that she held the same under consideration till March 17th, 1885, frequently discussing the matter with the defendant in the meantime, and on that day she informed him that she was entirely satisfied with the accounts, and was willing to settle by them, and therefore gave the defendant her note for the balance as it appeared, which was credited by the sum of $724, as of the day the note was given, by reason of a double charge, which was not discovered at the time by either the plaintiff or defendant.

Included in the account were large sums derived from insurance policies, of which $5,266.13 was not originally taken for the benefit of the plaintfff, but which was transferred to her upon the understanding stated in the answer. The defendant pleads the settlement of March 17, 1885, of the transactions embraced in the account to June 7, 1884, in bar of plaintiff's demand for an account as to them.

The transactions for the years 1884 and 1885 and the counter-claim in relation thereto, are not for our consideration in determining the question before us.

The *feme* plaintiff in her reply admits the signing of the note but insists that it was without consideration, because the balance and the notes alleged to have been borrowed for her by the defendant, which made up the sum of said notes, was made and executed while she was a married woman, and for which she was not liable; and further, that the defendant was her confidential agent and adviser, and that she acted upon and accepted his statements and representations and made no inquiry into the truth of them because of her confidence in the said adviser, who was also her step-son.

The defendant in his rejoinder denies that he was the confidential adviser of the *feme* plaintiff, and says that his relation to her was only that of agent to assist her in getting necessary means to support her family and carry on her farming operations, and that in this way the indebtedness of the plaintiff arose; that the money borrowed was for the use of the *feme* plaintiff, her family and property; he denies that he represented the plaintiff, that in law she was bound for the debts mentioned; admits that he was her step-son, and sets out at length facts in relation to the transaction.

*Messrs. T. N. Hill and R. O. Burton* for the plaintiffs.
*Mr. A. W. Haywood* for the defendant.

DAVIS, J., (after stating the case.)   The general rule that a plea in bar of an account must be passed upon and determined before ordering a reference is well settled, and though the plea in bar does not cover all the matters involved in the pleadings it should be first passed upon, although an account of transactions subsequent to the settlement alleged in bar may be necessary. *Quarles* v. *Jenkins,* 98 N. C., 258; *Clements* v. *Rogers,* 95 N. C., 248, and cases cited.

We do not understand the plaintiff as controverting this rule, but she insists that the defendant has no right to have his alleged settlement as a plea in bar passed upon, but that she is entitled to an account because of the admissions and facts of record—and that these show that there could have been no settlement by which she was barred, and this upon two grounds:

First. The note given by her upon the alleged settlement was for balances alleged to be due upon notes and transactions entered into while she was a married woman and not warranted by the terms of the marriage settlement, and which, for this reason were *void,* and could not constitute a consideration for the notes given by her to the defendant on

the 17th day of March, 1885, and the note was therefore without consideration and *void.*

Conceding, as is undoubtedly the law, that the *feme* plaintiff while covert could have entered into no contract or obligation that could have been enforced against her; and that any note that she may have given or obligation into which she may have entered, while under coverture, was void as such, and could not in themselves furnish any valid consideration for a note or other obligation executed by her when discovert and acting *sui juris*; yet if the consideration upon which the void note was given or the void obligation entered into, during coverture, enured to the benefit of her separate estate, it would in equity constitute a good consideration for the note, not by reason of any contract or obligation entered into, except as authorized by statute, by her which would be void, as such, but by reason of the fact that she or her property derived the benefit of the consideration. The defendant says that the money paid out by him was for her benefit—was on account of, or for the benefit of her property, and that he owed her sums with which she was credited. The action is brought for an account and settlement. The *feme* plaintiff says that the defendant was her agent and she asks for an account. If there were any transactions between the *feme* plaintiff and the defendant which entitled her to an account and settlement when discovert, it would be a curious result if the defendant could not make a valid settlement or one by which she would be barred.

The very able argument of the learned counsel for the plaintiff, whose brief evinces much research and learning, applies rather to the controverted questions of fact presented by the pleadings and the law applicable to them upon which must rest the determination of the defendant's plea in bar for or against him than to the question now before us. The defendant alleges that there was a settlement of all transactions up to a given date, at which time the plaintiff executed

her note to him for a balance due to him ; the *feme* plaintiff admits the execution of the note, but says it was void for want of consideration. The defendant does not admit this ; he does not admit that the void notes and acts of the *feme* plaintiff during coverture constituted the only consideration of the note, and an issue is raised which he has a right to have passed upon by a jury under the instructions of the Court before a reference is ordered.

Second. But the further objection to the submission of the plea in bar is that the plaintiff is not bound by the settlement because of the relation of confidential adviser and attorney which the defendant sustained to the plaintiff, which induced her to accept his statements without inquiry. This is denied by the defendant, who says that the accounts and vouchers for the payments made by him were fully and carefully explained by him to the *feme* plaintiff, who held them under consideration from June, 1884, till March, 1885. The invalidating allegations in regard to the settlement as affected by the relation of the parties tending to impeach its fairness on the one side and the denials on the other, are to be considered in passing upon the defendant's plea in bar, and he has a right to have them passed upon before the reference.

There was error in ordering the reference before the issue tendered by the defendant was passed upon.

Error.