J. F. MAXWELL et al. v. HENRY McIVER.

*Issues, Failure to Tender—Amendment of Pleadings—Irrelevant Testimony.*

1. Where an issue involved by the pleadings was not tendered, and the issues submitted were not objected to on the trial, a party in such default cannot complain of the consequences of his own neglect.

2. The allowance of an amendment to pleadings is within the discretion of the trial Judge, and a refusal is not subject to review.

This was a CIVIL ACTION for a money demand and foreclosure of a mortgage deed, tried before *Bryan, J.,* and a jury, at the August Term, 1893, of DUPLIN Superior Court.

The note declared on is in the following words and figures, viz. :

"On or before the first day of November, 1886, I promise to pay J. Flavius Maxwell, or bearer, the sum of seventy-six dollars and thirty cents ($76.30), for value received of him, with interest at 8 per cent. per annum from date. This February 1, 1886.

his<br>HENRY X McIVER.<br>mark.

Test: JOHN O. BRYAN."

And on this note the following endorsement is made, viz.:

"Received on the within note twenty-three dollars and ninety-six cents. This April 1st day, A. D. 1889."

The plaintiff G. M. Maxwell was introduced as a witness in his own behalf, and testified that he bought the note sued on from his brother J. Flavius; that in May, 1887, defendant sent plaintiff G. M. Maxwell, $5, which, by agreement of said plaintiff and the defendant, was paid for indulgence on the

note sued on; that in November, 1887, $20 was paid, and in the latter part of December, 1888, $30 was paid; that no other amount was paid plaintiff by defendant after the transfer of the said note, and most of the $20 and $30 payments were given for indulgence.

Here defendant asked leave to amend answer and set up usury. Refused. Defendant excepted.

On the cross-examination the plaintiff testified that no money was paid on the 1st day of April, 1889, but that the credit of $23.96 was entered by the direction of the plaintiff under an agreement entered into between the plaintiff and the defendant at the time said payments were made, to the effect that if the plaintiff had to deposit said note as collateral he should so credit it on account of the $20 and $30 payments; that the person to whom it was assigned could collect only $75 out of it; that plaintiff had to deposit it as collateral, but afterwards redeemed it.

Defendant was then introduced in his own behalf, and proposed to testify that he had paid one Mrs. Merritt, an heir at law of B. W. Kornegay, deceased, $33.50, which was a charge for equality of partition on the lands mentioned in the complaint, with a view to having same credited on the note sued on.

Objection by plaintiff. Sustained. Defendant excepted.

The defendant then testified that he had paid the plaintiff in all $55, of which $5 was paid in April or May, 1887, and was not paid on the note, but for indulgence; that he paid the plaintiff $20 in November, 1887, and $30 about the last of December, 1888; that nothing was paid April 1, 1889, and that no payment other than the $55 above set forth had been made by him.

The defendant further proposed to testify that at the time the note and mortgage sued on were executed he thought he was renewing the same to Howell B. Grady and wife, to whom the original note and mortgage were given, and from

whom the lands described in the mortgage were purchased; that he was an ignorant colored man, unable to read and write, and he thought the note and mortgage were being executed to the same parties as before, as Mr. J. Flavius Maxwell had prepared the original note and mortgage; that they met at Kenansville to renew the papers, and Mrs. Caroline Grady was not present.

This evidence was objected to by the plaintiff. Objection sustained. Defendant excepted.

Defendant then offered receipt of Howell B. Grady and wife Caroline Grady for the full amount of the purchase-money of the land, and offered as witness W. H. Grady, who offered to testify that the calculation was made by him and the settlement made in his presence, the receipt written by him and witnessed by him.

This evidence was objected to by plaintiff. Objection sustained. Defendant excepted.

The defendant then offered as witness Mrs. Caroline Grady, who proposed to testify that she never gave any permission to change the note and mortgage, when renewed, from her and her husband's name to the name of J. Flavius Maxwell, or anyone else.

Objected to by plaintiff. Objection sustained. Defendant excepted.

The attorneys for plaintiff and defendant having filed two statements of the case on appeal, and not being able to agree, upon request I have drawn up this as the statement of the case on appeal as settled by me, this October 5, 1893.

HENRY R. BRYAN,
*Judge Presiding.*

*Mr. A. D. Ward,* for plaintiff.
*Mr. H. R. Kornegay,* for defendant (appellant).

MACRAE, J.: The pleadings disclose that an issue of fraud was raised, which ought to have been presented to the jury;

but it does not appear that any such issue was tendered by defendant's counsel, and no exception was taken to the issues submitted. In *Kidder* v. *McIlhenny*, 81 N. C., 123, it was insisted by the defendant that the issues passed on did not dispose of the matters in controversy in the pleadings, and that there should have been, and should now be, a further issue passed on, involving the validity of the mortgage as against the *feme* defendant, and the objection is thus disposed of in the opinion of the Court: "Nor ought the defendants to have been content with the proposed issue, if they desired others. They should have asked for other issues, and, if necessary, they would have been allowed; or, if not allowed, the refusal would have constituted matter of exception. It might produce serious inconveniences and delays, if, when a party has opportunity to propose other and further issues and he refuses or fails to do so, he could then be heard to complain of the consequences of his own neglect, and thereby increase the costs, as well as delay the determination of the cause." *McDonald* v. *Carson*, 95 N. C., 377. It is to be regretted that further issues were not tendered, for, by reason of this failure, the defendant seems to be cut off from his most vital defence. *Walker* v. *Scott*, 106 N. C., 56.

The issues submitted without objection were: (1) "What payments have been made on the note sued on?" (2) "Is the plaintiff G. N. Maxwell indebted to defendant by way of counterclaim; and if so, in what sum?"

Upon these issues the testimony offered and rejected and made the subject of exception was irrelevant. It might have been very material if other issues had been submitted, but as defendant made no tender of others, nor exception to those submitted, we are unable to afford him any relief.

The motion to be permitted to amend his answer and set up a plea of usury was denied, and to this the defendant excepted. The allowance of the amendment was within the discretion of the presiding Judge, and is not subject to review.

                                             No Error.