ANTIETAM PAPER COMPANY v. CHRONICLE PUBLISHING COMPANY et al.

*(Appeal by Defendant Holt.)*

### Practice—Issues—Exceptions to Charge.

1. The form in which issues are submitted is of little consequence, if the material facts in controversy, as appear from the pleadings, are clearly presented by them, and provided they be such that the Court may proceed to judgment, and such as will allow the parties to present to the jury any material view of the law arising out of the testimony which counsel may request the Court to embody in the instructions to the jury.

2. An exception "to the charge as given" is too general, and will not be considered.

3. The statement of the trial Judge as to what he said in his charge to the jury is conclusive, and an exception based upon an alleged instruction which does not appear in the charge as given in full by him will not be considered.

CIVIL ACTION, tried before *Hoke, J.,* and a jury, at April Term, 1894, of Wake Superior Court.

The defendant Holt appealed. The facts appear in the opinion of Associate Justice BURWELL.

*Messrs. John W. Hinsdale* and *Armistead Jones,* for plaintiff.
*Messrs. Haywood & Haywood* and *C. M. Busbee,* for defendant Holt (appellant).

BURWELL, J.: This appeal brings up for our consideration the exceptions taken on the trial by the defendant Holt alone. His controversy in this action was with his co-defendant Josephus Daniels, to whom the defendant The Chronicle Publishing Company had executed a mortgage on March 24, 1892, to secure a debt of $2,600, evidenced by two bonds of that date, one for $1,000, due February 1, 1893, and the other for $1,600, due February 1, 1894.

We have adjudged that that mortgage and those bonds were valid acts of that corporation, and that by virtue thereof the owners of those bonds had a lien on the property described in that mortgage. [See this case at this term on the plaintiffs' appeal.] The validity of this mortgage was averred by each of these defendants, and in his answer the defendant Holt alleged that he was the owner of the note for $1,000 described therein, by purchase from defendant Daniels on February 1, 1893, the day of its maturity. To this allegation the defendant Daniels answered, averring that on the said date the amount due to him on account of this note or bond was *paid* to him, and he expressly denied that the defendant Holt had on that day purchased that note or bond from him.

The issue between these two defendants, as shown by the pleadings alone, was, Did T. M. Holt, on February 1, 1893, purchase of Josephus Daniels the $1,000 note described in the mortgage of The Chronicle Publishing Company, or was the said note on that day paid and discharged?

Notwithstanding the fact that this single issue was raised between these two defendants by their pleadings, the counsel of the defendant Holt tendered the following four issues:

" Was T. M. Holt the purchaser, and is he the owner of the note for $1,000 mentioned in section 7 of his answer?

" Did Thomas R. Jernigan act as the agent of Holt in the purchase of the note for $1,000 secured in the mortgage to Daniels set out in the pleadings?

" Did Jernigan, as such agent, have authority to agree that the second note secured in the mortgage should have priority over the note for $1,000?

" Was the note for $1,000 left in the possession of B. S. Jerman until the point as to which of the notes described in the mortgage should have priority of payment could be determined?"

Defendant excepted because the Court refused to submit these issues to the jury.

The Court submitted the following issues to the jury in lieu of those tendered ;

" 1. Did The Chronicle Publishing Company execute to Daniels a valid mortgage on its property, of date March 24, 1892, to secure two notes for $1,000 and $1,600, and was the same duly proved and registered ?

." 2. What property of the company was conveyed by such mortgage to the grantees therein ?

" 3. What was the value of the property sold by the Receiver, and which did not pass by mortgage ?

" 4. Was there a payment on February 1, 1893, to Daniels of $1,066.89, the amount of the $1,000 note with accrued interest ?

" 5. Was such payment in discharge and satisfaction of such note ?

" 6. Was the money given by T. R. Jernigan to Daniels with the intention and agreement that the $1,000 note should be paid as to Daniels, and so postponed in right to the $1,600 claim ? "

And to the sixth issue the defendant Holt excepted.

These two exceptions, the one to the refusal to submit the four issues tendered by him, and the other to the submitting of the sixth issue, may be considered together.

In *Davidson* v. *Gifford*, 100 N. C., 18, it is held that " the material issues of fact *raised by the pleadings* must be submitted, unless it appears to the Court that this right is waived by the parties." But the form in which issues are submitted is of little consequence, if the material facts in controversy are clearly presented by them. *Cuthbertson* v. *Insurance Co.*, 96 N. C., 480. And " the only restriction upon the power of the trial Judge to settle the issues for a jury is that they shall be such as arise out of the pleadings, such that the Court, upon their verdict, may proceed to judgment, and such as will allow the parties to present to the jury any material view of the law arising out of the testimony which counsel may

request the Court to embody in the instructions to the jury." *Vaughan* v. *Parker*, 112 N. C., 96.

While the first issue tendered by the defendant Holt was distinctly "raised by the pleadings," it seems evident from the other issues which he himself submitted, and from the issues that were submitted, and from the evidence set out in the statement of the case on appeal, and the charge to the jury, that it was conceded on the trial that he was the purchaser and owner of the note mentioned in that issue. So evident was it that there was really no controversy at the trial upon this particular matter, that his Honor, without objection or exception taken, told the jury if they believed the evidence they should answer the third issue Yes and the fourth issue No, and thus find that on February 1, 1893, there was paid to defendant Daniels the amount due on said note, but that that payment was not "in discharge and satisfaction" of it. These two issues, thus answered, established the fact that while Daniels, on the day named, received the amount due him on this note, it was not, strictly speaking, a payment, for it did not discharge and satisfy the note, but left it, as both conceded, a valid and subsisting claim against The Chronicle Publishing Company in the hands of the defendant B. S. Jerman, who held it for the use and benefit of the defendant Holt, as was also conceded. Thus, it is apparent that at the trial there was an elimination of some disputed matter, and there was left between Holt and Daniels only this issue: Was the former, who was admittedly the real owner of the note ($1,000) held by Jerman, entitled to share *pro rata* with the latter (who was admitted to be the holder and owner of the other mortgage note, $1,600) in the proceeds of the sale of the mortgaged property, or was Daniels' part of the mortgage debt to be paid in full out of these proceeds before Holt was to be allowed any part thereof as a credit on the note he had purchased? It was conceded that the money given for this note by Holt was actually handed to Daniels by Jernigan, the only dispute about that being as to Daniels'

notice or knowledge that Jernigan was not acting for himself in the transaction, but for Holt or some other person.

The material fact in controversy seems to us to have been presented by the sixth issue with sufficient clearness to the jury. It is to be read and considered in connection with the testimony and the charge, as the jury considered it. Under it the counsel might have embodied in special instructions such " material views of the law arising out of the testimony " as they thought pertinent.

The first and second exceptions of the appellant cannot, therefore, be sustained.

*Exceptions to the Charge.*—1. It is stated that there was an exception " to the charge as given." This general exception cannot be considered. It was not urged before us. 2. It is also stated that the appellant in this case on appeal excepts to the above charge as follows : " That the Court charged the jury that defendant Holt would be bound by whatever his agent Jernigan did in his dealings with Daniels, unless he made known to him (Daniels) that he was acting for a principal."

Upon an examination of his Honor's charge, which is set out in full, we do not find that he so told the jury. His Honor's statement of what he said is conclusive, and puts this exception out of the case.

We find no error of which the defendant Holt can justly complain, and, as to him, the judgment must be affirmed.

Affirmed.