GWALTNEY v. PROVIDENCE SAVINGS LIFE ASSURANCE SOCIETY.

(Filed June 10, 1902.)

LIFE INSURANCE—*Premiums—Fraud—Deceit—Demurrer.*

In an action by a policy-holder to recover premiums, a demurrer should be overruled where the complaint alleges that the defendant, through its agent, induced him to take the policy through fraud and deceit.

ACTION by W. R. Gwaltney against the Provident Savings Life Assurance Society of New York, heard by Judge *W. A. Hoke,* at February Term, 1902, of the Superior Court of CATAWBA County. From judgment for the plaintiff, the defendant appealed.

*Thos. M. Hufham,* for the plaintiff.
*Maxwell & Keerans,* for the defendant.

FURCHES, C. J.  It appears from plaintiff's complaint that in December, 1889, he took a policy of insurance for $3,000 in defendant company, for which he paid a quarterly premium of $22.41 for nine years. That the premium was then increased to $28.01 per quarter, which the plaintiff paid for two years, when it was again increased to $41.73 per quarter,

and upon plaintiff's failing and refusing to pay this last ad-
vanced premium, the defendant cancelled the plaintiff's pol-
icy.   The premiums the plaintiff had paid the defendant on
this policy before cancellation amount to $1,030.84.  Plaintiff
alleged that it was distinctly understood and agreed between
him and J. Sterling Jones, who was the general agent of the
defendant, that he was never to be required to pay more or a
greater rate of premium than $22.41 per quarter, and that the
policy was to be continued at this rate during the life of plain-
tiff; that he distinctly informed the said Jones that he would
not take the policy upon any other terms; that he was not a
business man; was at the time of taking said policy a neigh-
bor of said Jones and had confidence in his honesty and in-
tegrity, and that Jones knew this.   But that Jones took ad-
vantage of his confidence and wickedly, designedly, fraudu-
lently, and with the purpose to cheat and defraud the plaintiff,
had given him a policy which, the defendant contends, is not
what is called a level policy, upon which a premium of $22.41
is to be paid quarterly, but is one on which the premium may
be increased, and defendant has wrongfully increased it to
$41.73 per quarter, and upon his refusing to pay this wrong-
fully increased premium, defendant has cancelled plaintiff's
policy, and this action is brought to recover the $1,030.84 so
wrongfully paid the defendant.

    To this complaint defendant demurred.   The demurrer ad-
mits the allegations of the complaint, which contains the most
fearful allegation of fraud and deceit practiced upon the
plaintiff for the purpose of cheating and defrauding him by
wicked design and falsehoods, to get him to take a policy, that
Jones knew he would not take if he knew the truth, and knew
it was not a level policy.

    The complaint alleges that Jones was the general agent of
the defendant and had the right to contract with the plaintiff;
that he was acting for the defendant, and that the plaintiff is

bound by his acts and what he did and said, and the demurrer admits the truth of these allegations.

The case presents very interesting questions for the Court, if, upon the trial, the plaintiff should sustain the allegations of his complaint. But he may not be able to sustain them, and then they would not arise to trouble the Court. Therefore, if we should undertake to pass upon them in this appeal, what we might say would be but *obiter dicta*. Therefore, without passing upon them, or in any way intimating an opinion, we will say that we would not like to sustain a demurrer that admitted the fearful allegations of deceit and fraud that are set forth in plaintiff's complaint. The judgment of the Court overruling the demurrer and allowing the defendant to answer, is

Affirmed.