### J. H. DRENNAN v. J. C. WILKES.

(Filed 5 May, 1920.)

**1. Issues—Contracts—Breach—Lands—Specific Performance.**

An issue as to whether the plaintiff had complied with the terms of his contract between him and the defendant is sufficient for either party to show the terms of the contract, as well as a breach thereof by the plaintiff, in an action to enforce specific performance to convey lands.

**2. Issues—Forms.**

The form of the issues is of no consequence if under them the material issuable facts may be fairly presented to the jury, and the trial is otherwise without error.

**3. Same—Evidence.**

The settling of issues upon the trial is within the discretion of the judge, and not reviewable on appeal if the parties have had opportunity to offer evidence upon every material phase of their contentions.

**4. Same—Admissions—Contracts—Specific Performance.**

In an action to enforce specific performance of a contract to convey lands, an issue as to the making of the contract sued upon is not required when admitted in the answer, and the other issues are sufficient to sustain the judgment appealed from.

**5. Appeal and Error—Issues—Objections and Exceptions.**

When the appellant is dissatisfied with the issues submitted on the trial, he should except thereto, tender the ones he thinks are proper, and assign error relating thereto; and where the pleadings involve an issue which has not been tendered by the appellant, he may. not, for the first time, take exception in the Supreme Court, that it was not submitted to the jury.

CIVIL ACTION, tried before *Lyons, J.,* at December Term, 1918, of ROBESON, upon these issues:

"1. Did the plaintiff comply with the terms of the contract between him and the defendant? Answer: 'Yes.'

"2. Did the defendant refuse to perform his contract with the plaintiff? Answer: 'Yes.' "

From the judgment rendered defendant appealed.

*S. B. McLean for plaintiff.*

*Woodberry Lennon and McLean, Varser, McLean & Stacy for defendant.*

BROWN, J. This is an action to compel the specific performance of a contract to convey a tract of land.

It is contended in this Court that the issues are insufficient to support the judgment. As we understand the case, the terms of the contract are not in dispute. It is admitted in the answer that defendant did contract and agree with plaintiff to sell him the lands for the sum of $1,550. It is alleged in the answer that the plaintiff failed to comply with the agreement. But whatever the terms of the contract were, the jury have found that the plaintiff complied with its terms.

Under this issue it was open to both parties to introduce evidence to prove the terms of the contract, as well as to whether they were complied with by plaintiff.

The form of issues is of little consequence if the material facts at issue are clearly presented by them. *Paper Co. v. Chronicle,* 115 N. C., 147.

The discretion of the judge in settling issues will not be reviewed by us if under the issues presented the parties have opportunity to offer evidence upon every material phase of their contentions. *Redmond v. Mullenax,* 113 N. C., 505.

The court was not compelled to submit to the jury an issue as to whether the defendant did contract to sell the land to plaintiff, for that

was admitted in the answer, and therefore no such issue was raised by the pleadings, and only issues should be submitted that are raised by the pleadings. The only dispute related to the terms of the contract, and as to whether the plaintiff complied with them. The issues submitted cover every issue raised by the pleadings, and when construed with reference to the admissions in the answer are amply sufficient to support the judgment.

If defendant was dissatisfied with the form of the issues, he should have excepted and submitted other issues.

We find in the record no issues tendered by defendant, and no exception to those submitted, and no assignment of error relating thereto.

Where an issue involved by the pleadings was not tendered, and the issues submitted were not objected to on the trial, a party in such default cannot complain for the first time in this Court. *Maxwell v. McIver,* 113 N. C., 288; *Porter v. R. R.,* 97 N. C., 66; *Clements v. Rogers,* 95 N. C., 248.

We think this controversy one of fact almost exclusively, and that it has been settled by the verdict of the jury. There is only one assignment of error relating to the evidence, and two to the charge, and we think they are without merit and need not be discussed. The controversy was put to the jury clearly and fairly.

No error.