If the intent had been to refer to them to audit and state the accounts, it would have been so mentioned, especially as there was a master whose business it was to make such statement; neither would the court have ordered an account to be taken before (226) the pleas were argued or put to issue and tried. Indeed, *Page 175 
by the last entry this seems to have been considered as an award by the counsel on both sides, who have mentioned it as an award.
Davie then insisted that this award ought to be set aside, being against law; for that the arbitrators had allowed Coor a considerable sum for his services as an administrator (this was admitted by Coor, now present in court, that is to say, he admitted they allowed 10 per cent in 1779, upon the value of the goods in 1776, which came to about an half per cent or ten shillings on the real value); and he cited Bl. Rep., 363; 3 Atk., 494.
The Court took time to consider, and having had before them 1 Atk., 64; Jacob, Verbo Arbitrators; 2 Brown, 701; 1 Brown, 271; 1 Stra., 301; Salk. 71, pl. 4-83, pl. 1, they next morning decided that the award of arbitrators ought not to be set aside, unless in cases where their decision is plainly and grossly against law — not where the point decided might be doubtful. In the present case, although no such allowance ought to be made by the strict rules of law, that is a point not universally known and clear; but the contrary is practiced in almost all the county courts in this State, that is to say, the county courts generally make such allowances. Let the award be confirmed.
See Jones v. Frazier, 8 N.C. 379.
Cited: Patton v. Garrett, 116 N.C. 857.