Gaston, Judge.
 

 It is exceedingly clear that we cannot
 

 reverse the judgment below, because of the alleged finding of excessive damages by the jury, or of the refusal of the Judge to set aside that finding. Whether the damages be excessive or not, we have not the means of examining, because “ between this Court and the evidence there is an impenetrable wall;” (see
 
 Bank of Newbern
 
 vs.
 
 Pugh,
 
 2 Hawks Rep. 392,) and if we had the means of examination, we have no right to
 
 determine,
 
 because this is not a question of law, but of discretion.
 

 We cannot award a new trial because we think the Judge ought to have granted one. Our authority to reverse the judgment and award a new
 
 venire,
 
 is
 
 only
 
 because of some error of the court which infects the verdict.
 

 ' Two of such errors are alleged. It is said that the Judge expressed an opinion to the jury on the facts of the case. In our opinion, this objection is not sustained. The only part
 
 *120
 
 his Honor’s charge which can be pressed into the support °f this objection, is
 
 that
 
 wherein, after having stated, as a principle of law, that if the plaintiff consented to, or eonnived at, the prostitution of his daughter, or was guilty of such gross negligence in the custody and education of his daughter as was equivalent to assent to her prostitution, he was not entitled to recover any damages; and, after reciting all the testimony, his Honor asked the jury if they found in this testimony, or could lay their fingers on any part of it, shewing that the plaintiff had so consented or connived, or been guilty of such gross neglect. Now, it is certain that this question might, have been proposed in such a tone and manner as to manifest the clear conviction of-the enquirer how it ought to be answered — -but we cannot intend any circumstances of this sort; and without some peculiarity of tone or manner, intimating the opinion of the speaker, and influencing, or tending to influence, the judgment of those addressed, the question submitted very properly directed the attention of the jury to a material enquiry of fact.
 

 It is also insisted that the Judge erred in rejecting the testimony offered by the defendant to shew that his general character was
 
 that
 
 of a modest and retiring man. We are satisfied that there was no error in rejecting the testimony proposed. In civil suits, the general rule is, that unless the character of the party be put directly in issue, by the nature of the proceeding, evidence of his character is not admissible. And no reason is seen why, in this case, there should be an exception to the general rule. The judgment is affirmed.
 

 Per Curiam. Judgment affirmed.