Nash, C. J.
 

 When the evidence in this case was closed, the counsel on each side declined to argue it, and submitted it to the jury under the charge of his Honor. The jury returned a verdict for the plaintiff, when the defendant moved for a rule upon the plaintiff to show cause why there should not be a new trial, upon three grounds :
 
 Fwst,
 
 because the verdict was contrary to the weight of the testimony. 2nd. That the Court stated the evidence of Stephen Boykin with greater fullness than it did the evidence of the defendant’s
 
 witnesses;
 
 and 3rd. That the Court did not advert, in its charge, to the deportment of the witness Boykin, upon his cross-examination, as proper for their consideration. The rule was discharged.
 

 As to the first ground, we have nothing to do with it. It was properly addressed to the Court, before whom the cause was tried, as an appeal to its discretion in granting a new trial. Our attention is confined to errors of law.
 

 The 2nd and 3rd exceptions cannot be sustained, for the reasons given by his Honor. No argument, either upon the law of the case, or upon the evidence, was submitted by the counsel to the jury. This, however, did not deprive them of the privilege of excepting to the charge if they thought proper. It is now a well-settled principle of practice, that an
 
 *327
 
 omission of tbe Judge to charge the jury on any particular point of law, is not error. If the party complaining deem it material to his case, he must ask for instruction on it;
 
 State
 
 v.
 
 O’Neal,
 
 7 Ire. Rep. 253. It is not error for a Judge to omit charging upon a part of the testimony, if no particular instruction be requested;
 
 State
 
 v.
 
 Scott,
 
 2 Dev. and Bat. 35. Nor is he bound to charge on all the points of the case, or recapitulate all the evidence in his charge ;
 
 McNeil
 
 v.
 
 Mas
 
 sey, 3 Hawks’ 91 ;
 
 State
 
 v. Morris, 3 Hawks’ 388. It was the duty of the counsel after the charge was delivered, and before the jury retired to consider of their verdict, to have requested his Honor to give the jury a fuller statement of the evidence of his witnesses, and draw the attention of the jury to the conduct of the witness Boykin on his cross-examination, in order to enable the Judge to supply any omission on his part. But this was not done by the counsel, and there is no error in his Honor’s charge. If his attention had been called to the alleged omission, and he had refused to charge as required, and his refusal was wrong, it would have been error. The propriety of the rule of practice adverted to, is fully exemplified in this case. No argument was submitted to the jury on either side, and his'Honor might well suppose that no elaborate charge was either expected or desired by the parties.
 

 We do not approve of the practice of asking a Judge, after he has finished his charge, for instruction on some particular point to which his attention has not been drawn during the course of the argument.
 

 Per Curiam:. Judgment affirmed.