C. C. VEST *v.* J. W. COOPER and others.

The discretion of a Superior Court Judge to set aside a report of a referee, on the ground of newly discovered testimony, cannot be reviewed in the Supreme Court.

CIVIL ACTION, heard before Cannon, J., at Fall Term, 1872, of CHEROKEE county, upon a motion to re-refer an account.

The suit was brought by the plaintiff, a former Sheriff, against the defendants, who were the sureties of one of his deputies, for taxes collected and not accounted for. At Spring Term, 1872, it was referred to L. W. Davidson to take an account, &c. Upon the coming in of the report of the referee, at the ensuing Fall Term, the defendants moved to set it aside and again open the account, upon the ground that they had discovered new and material testimony, since the filing the report of the referee in Court, support-

ing the motion by affidavits. The plaintiff moved to confirm the report.

His Honor refused the plaintiff's motion, and ordered the report to be set aside, and the cause be re-referred to the same referee, upon the payment by the defendants of the costs heretofore accrued. From this judgment plaintiff appealed.

No counsel for appellant in this Court.
*A. S. Merrimon*, contra.

READE, J. The matters in controversy were referred to a referee to state an account and report, &c. The referee examined the evidence, stated an account and reported. At the coming in of the report, the defendant upon affidavit moved to refer the matter back with instructions to open the account, on account of newly discovered evidence. His Honor in the exercise of his discretion, granted the motion at the cost of the defendant, and the plaintiff appealed. The question is, does an appeal lie in such a case.

C. C. P., section 299, allows an appeal from every " order, &c., involving a matter of law or legal inference which affects a substantial right," &c., " or grants or refuses a new trial."

It is as well settled as anything in the practice, that the Judge who tries a cause may set aside a verdict and grant a new trial for newly discovered evidence, or because the verdict is against the weight of the evidence, or because the damages are excessive, &c.

And the same is true in regard to a report, which is in the nature of a verdict. And this is done in the exercise of his *discretion*, from which no appeal lies. Judging from the numerous appeals which have lately come up in such cases, we suppose that the profession have misunderstood the clause in the Code, *supra*, " or grants or refuses a new trial."

VEST *v.* COOPER and others.

There seems to be an impression that there may be an appeal from every motion for a new trial; and the fact is overlooked that it must "involve a matter of law or legal inference," and not a mere matter of discretion. This will illustrate: Plaintiff recovers of defendant $1,000. Defendant files affidavit that since the trial he has discovered that he can prove the debt has been paid. His Honor says, I believe your affidavit and I grant a new trial, or I do not believe it, and I refuse a new trial. This is a matter of discretion and no appeal lies. But if he had said, I believe the affidavit, and if I had the power, I would grant a new trial, or I do not believe it, but still the law compels me to grant a new trial, this would involve a matter of law, and an appeal would lie. And in such case, all we could do would be to say, You have the power and you must exercise your discretion.

There is no error.

This will be certified.

PER CURIAM.                                        Judgment affirmed.

### NOTE TO THE PROFESSION.

It is apparent that a very short record would have been all that was necessary to present the case to this Court, yet there are thirty-five pages of legal cap, the greater part of which is the testimony taken by the referee, his report, &c. All of which is of no conceivable use, and involves considerable cost and gross injustice to suitors. This case is only one of many. And we adopt a rule in every case, that the appellant shall pay all cost of irrelevant matter in the record, unless it appears that he objected to its being put in.