DAVENPORT & MORRIS v. J. R. TERRELL.

*New Trial—Judicial Discretion.*

Granting a new trial, on the ground that the verdict is against the
weight of the evidence, is a matter within the discretion of the
Judge below, and not reviewable, unless it appear that the Judge
was influenced in the exercise of such power by an erroneous view
of the law.

This was a CIVIL ACTION, tried on appeal from the Court
of a Justice of the Peace, at the April Term, 1888, of the
Superior Court of WAKE County, before *Shipp, J.*

The material facts are stated in the opinion.

*Mr. W. J. Peele,* for the plaintiffs.
*Mr. C. M. Busbee,* for the defendant.

AVERY, J.    The record contains but one exception. After
verdict for the plaintiffs, the defendant's counsel moved the
Court for a new trial, because the verdict was against the
weight of evidence. The motion was argued by counsel.
During the discussion the Court (Judge) remarked that, if
he had been on the jury, he would have found differently,
but that it was a small matter, or that there was a small
amount involved, and the case ought not to be tried again.
The motion was not then disposed of, but afterwards the
Court, upon consideration, and in the exercise of its dis-
cretion, discharged the rule for a new trial. Appeal by
defendant.

On the argument in this Court, counsel raised no ques-
tion as to the discretionary power of the Judge below to
grant or refuse a motion of this kind.

We cite only one late case re-affirming the settled princi-
ple— *Redmond* v. *Stepp,* 100 N. C., 212. But when it appears

that the Judge was influenced in the exercise of such power by an erroneous view of the law, this ruling can be reviewed, and ought to be reversed on appeal in this Court. *Vest* v. *Cooper*, 68 N. C., 131. In the case before us, the rule for a new trial was discharged by the Court "*upon consideration and in the exercise of its discretion,*" not at the time when the remark which is set forth in the assignment of error was made, but afterwards. We must accept the statement in the record, and as the motion was refused after deliberate consideration, and in the exercise of an admitted power, it is useless to speculate, as to whether there would have been error for which a new trial might be awarded, if it clearly appeared that his Honor was influenced by the consideration that only a small amount was involved in the controversy settled by the verdict.

No error.                                            Affirmed.