H. C. WHITEHURST v. ISRAEL PETTIPHER.

*Appeal—Weight of Evidence—Assignment of Error.*

1. The refusal of the Court below to set aside a verdict on the ground that it was against the weight of the evidence cannot be reviewed on appeal.

2. The Court will not consider any exceptions not set out in the "case on appeal," other than exception to the jurisdiction, or because complaint does not state a cause of action, or to the sufficiency of an indictment. Rule 27 and *Code*, § 550; *McKinnon* v. *Morrison*, 104 N. C., 354; *Taylor* v. *Plummer* and *Walker* v. *Scott*, at this term, cited and approved.

CIVIL ACTION, tried before *Brown, J.*, and a jury, at Fall Term, 1889, of PAMLICO Superior Court.

*Mr. W. W. Clark*, for plaintiff.
*Mr. George H. Snow*, for defendant.

CLARK, J.: The "case agreed" states: "The plaintiff made no exception whatever during the trial, nor to the charge. The jury found the issues in favor of the defendant. After the verdict the plaintiff moved for a new trial, on the ground that the verdict was against the weight of the evidence, and made no other objection whatever."

The motion was overruled, and judgment was entered against plaintiff. It needs no citation of authority that this Court will not review the refusal by the Court below of a motion to set aside a judgment as being against the weight of the evidence. Indeed, the point was not insisted upon in this Court. The appellant relies upon alleged errors in the charge, not assigned in the "case on appeal."

*The Code*, § 412 (2), requires exceptions on the trial (except to the charge) to be entered *at the time. The Code*, § 412 (3), provides that the charge may be deemed excepted to, though no exception is taken on the trial. But exceptions to the charge, and exceptions taken on the trial, are alike waived and deemed abandoned, unless set out by appellant in making out his statement of "case on appeal." *The Code*, § 550, and Rule 27 of the Rules of this Court. These requirements of the statute, and of the rule made in conformity with them, are reasonable and just. It is no hardship to appellant to require him to assign the errors he relies on, when he has ten days in which to consider the case before serving his statement of the "case on appeal." When this is done, the appellee can then present his view of the evidence, and of the charge, bearing upon the exceptions relied on, and if there is any disagreement the Judge will "settle the case."

So much depends upon the context that this is important. If exceptions could be taken for the first time here (other than exceptions for want of jurisdiction, or complaint not stating facts sufficient to constitute a cause of action), it would render necessary always a voluminous and minute statement of the trial, the evidence, and the charge, lest something be not fully and fairly presented. The object should be, however, as the Court has often said, to send up only so much of the trial, the evidence, and the charge, as is necessary to present the exceptions taken and the errors assigned. Besides, the appellee should not be surprised by allegation of errors here of which no complaint was made below, and which he is unprepared to meet for want of notice. The lines upon which the contest is to be fought out should be made known below, so that when the parties appear in this Court neither will be taken at an unfair advantage. These statutes and the reasons for them have been recently considered and the authorities reviewed in *McKinnon* v. *Morrison*, 104 N. C., 354; *Taylor* v. *Plummer*, and *Walker* v. *Scott*, both at this term.

No error.