B. J. EDWARDS et al. v. W. W. PHIFER et al.

*Practice—Setting Aside Verdict—New Trial—Discretion of Trial Judge.*

This court will not interfere with the discretion of a trial judge in setting aside a verdict as being against the weight of evidence.

CIVIL ACTION, tried before *Norwood, J.*, and a jury, at January Term, 1897, of MECKLENBURG Superior Court. The jury returned a verdict for the plaintiffs, which his Honor set aside as being against the weight of evidence and granted defendants a new trial, from which judgment the plaintiffs appealed.

*Messrs. Osborne, Maxwell & Keerans*, for plaintiffs (appellants).

*Messrs. Clarkson & Duls* and *G. E. Wilson*, for defendants.

DOUGLAS, J.: The sole ground of appeal is thus given in the statement of the case: "After the jury returned their verdict, the counsel for the defendants moved the court to set aside the verdict of the jury, upon the ground that the verdict was rendered against the *weight* of testimony. His Honor, in his *discretion*, granted the motion of the counsel for the defendants, set aside the verdict of the jury and ordered a new trial." The plaintiffs except and assign as error: "1. That the court erred in setting aside the verdict of the jury and exceeded its authority; 2. That the ruling of the court was arbitrary and illegal, unwarranted by the facts and prejudicial to the plaintiffs; 3. That in no aspect of the evidence was the court justified in setting aside the verdict; 4. That the action of the court in setting aside the verdict was oppressive, unjust and repugnant to the legal rights of the plaintiffs, and abuse of discretion."

No principle is more fully settled than that this court will not interfere with the discretion of a trial judge in setting aside the verdict as being against the weight of evidence. *Alley* v. *Hampton*, 13 N. C., 11; *Armstrong* v. *Wright*, 8 N. C., 93; *Lony* v. *Gantley*, 20 N. C., 313; *Brown* v. *Morris*, 20 N. C., 429; *MacRae* v. *Lilly*, 23 N. C., 118; *Boykin* v. *Perry*, 49 N. C., 325; *Vest* v. *Cooper*, 68 N. C., 131; *Watts* v. *Bell*, 71 N. C., 405; *Thomas* v. *Myers*, 87 N. C., 31; *Goodson* v. *Mullin*, 92 N. C., 211; *Ferrall* v. *Broadway*, 95 N. C., 551; *Redmond* v. *Stepp*, 100 N. C., 212; *Davenport* v. *Terrell*, 103 N. C., 53; *Whitehurst* v. *Pettipher*, 105 N. C., 40; *Jordan* v. *Farthing*, 117 N. C., 181; *Spruill* v. *Insurance Co.*, at this term. The rule has

been well laid down by Reade, J., in *Brink* v. *Black*, 74 N. C., 329, as follows: "The defendant had a verdict and the Judge set it aside and granted a new trial, because, in his opinion, it was against the weight of the evidence. The defendant appealed, and the only question is, can we review his Honor's order? We have so often said that we cannot that it is a matter of some surprise that we should have the question presented again. When a Judge presiding at a trial below grants or refuses to grant a new trial because of some question of law or legal inference which he decides, and either party is dissatisfied with the decision of the matter of law or legal inference, his decision may be appealed from and we may review it. But when he is of the opinion that, considering the number of the witnesses, their intelligence, their opportunity of knowing the truth, their character, their behavior on the examination and all the circumstances on both sides, the weight of the evidence is clearly on one side, how is it practicable for us to review it unless we had the same advantages? And even if we had, we cannot try facts." In many cases, setting aside the verdict is the only way in which substantial justice can be done, and in any event no irreparable harm can ensue, as a new trial is the result.

Where the Judge acts under a mistaken view of the law, he is liable to review, but nothing of that nature is presented here.

In support of their contention, the learned counsel for the plaintiffs (appellants), cited only three cases from this State—*Moore* v. *Dickson*, 74 N. C., 423; *State* v. *Lindsey*, 78 N. C., 499, and *Allison* v. *Whittier*, 101 N. C., 490. In all of these cases, this court, while intimating that circumstances might possibly occur which would justify a review of such discretion, affirmed the judgment of the court below in every instance. In this case we feel constrained

to follow the unbroken line of authorities and affirm the judgment.

Affirmed.