## S. A. WALTERS v. DURHAM LUMBER COMPANY.

(Filed 22 April, 1914.)

1. Jurors — Selection — Improper Questions — Prejudice—Principal and Surety—Parties—Interest.

   When it appears that a defendant is sued for damages for a personal injury alleged to have arisen in tort, which are covered by an indemnifying bond of another corporation, it is competent for the plaintiff, in selecting the jurors in the case, to ask them if any of them were interested as agent or otherwise in the indemnity company, for while that company was not made a party defendant, it was directly interested in the result of the trial.

2. Jurors — Selection — Prejudice—Trials—Court's Discretion—Appeal and Error.

   It is within the province of the trial judge to see that questions extraneous to the case and tending to prejudice the jury are not asked the jurors being selected for the trial, and such matters as are within his discretionary power are not reviewable on appeal in the absence of its abuse. In this case, it appearing among other things that the appellant had not exhausted his peremptory challenges, his exception is untenable.

3. Master and Servant — Incompetency of Fellow-servant — Negligence.

   The master is responsible for damages for a personal injury caused by one fellow-servant to another arising from the incompetency of the former which was previously known to the master. *Walters v. Lumber Co.*, 163 N. C., 541.

4. Master and Servant—Assumption of Risks—Master's Negligence —Fellow-servant.

   A servant assumes the risk of injury incident to a dangerous employment engaged in by him, but does not assume those resulting from the negligent selection of an incompetent fellow-servant by the master.

5. Master and Servant—Incompetency of Fellow-servant—General Character—Witness.

   In an action to recover damages of the master arising from his alleged negligent employment of an incompetent fellow-servant, evidence of the general character of such fellow-servant is properly excluded when he has not testified as a witness.

**6. Trials—Instructions—Measure of Damages.**

The charge of the court is held to be correct upon the measure of damages in this action for a personal injury alleged to have been negligently inflicted upon a servant while engaged in the discharge of his duties. *Johnson v. R. R.*, 163 N. C., 451, cited and applied.

**7. Trials—Evidence—Nonsuit.**

Defendant's motion for a nonsuit upon the evidence will be denied when there is any legal evidence to support plaintiff's cause of action, as it will be construed, upon such a motion, most strongly in plaintiff's favor, its weight and credibility being for the jury to determine.

APPEAL by defendant from *Lyon, J.*, at January Term, 1914, of DURHAM.

*J. A. Giles and Bryant & Brogden for plaintiff.*
*W. L. Foushee and Manning, Everett & Kitchin for defendant.*

WALKER, J. This case was here at the last term, and is reported in 163 N. C., at p. 536. Nearly all of the questions now raised in this appeal were decided at that time.

First. Plaintiff, for the purpose of exercising his right of challenge, was permitted to ask the jurors, then in the box, over defendant's objection, if any of them had any business connection or relation with the Fidelity and Casualty Company of New York, it having been admitted that defendant was insured by that company against loss on account of this claim to a certain amount. It seems to us that this objection is fully answered on two grounds in *Norris v. Cotton Mills*, 154 N. C., 474, in the language of *Justice Allen*: "The exception to the question asked the jurors, 'Is there any member of the jury who has an interest as agent, or otherwise, in the Maryland Casualty Company, an insurance company?' is without merit. We must assume the question was asked in good faith, and the defendant says in its brief: 'The Maryland Casualty Company had insured the defendant in respect to the plaintiff's accident.' In *Blevins v. Cotton Mills*, 150 N. C., 497, it was held that an employee of the defendant was incompetent as a juror, and the casualty company was practically a defendant. In any event, it does not

appear that the question prejudiced the cause of the defendant. No person was excused on account of his connection with the casualty company, and the defendant did not exhaust its challenges."

It does not appear in this case that any juror was rejected because of his interest or bias, or that defendant exhausted its peremptory challenges. If, under the circumstances, the question was calculated to prejudice the defendant before the jury, the court should have exercised its discretionary power so as to remove the prejudice and insure a fair trial. This must be left largely to the presiding judge, who has ample power to prevent any injustice to parties litigating before him, and the power should be used fully for this purpose, as we said recently in *Hensley v. Furniture Co.,* 164 .N. C., 148. We will not revise his rulings unless there is clear and unmistakable abuse. This is the principal exception in the case.

The case of *Akin v. Lee,* 206 N. Y., 20, cited by appellant, is not applicable, as there the general question was asked, Is the defendant insured? without any particular motive or purpose, except to prejudice the defendant. The Court in that case very properly said: "Such evidence, almost always, is quite unnecessary to the plaintiff's case, and its effect cannot but be highly dangerous to the defendant's; for it conveys the insidious suggestion to the jurors that the amount of their verdict for the plaintiff is immaterial to the defendant. It was a highly improper attempt on plaintiff's part to inject a foreign element of fact into his case, which might affect the juror's minds, if in doubt upon the merits, by the consideration that the judgment would be paid by an insurance company. While frequently, in the exercise of the authority conferred upon this Court, we disregard technical errors, when we see that they do not affect the merits of the controversy, the error committed in this case is of too grave a nature to be put aside as merely technical. In repeated instances, judgments have been reversed for its commission, and counsel must take notice that we shall adhere to our rule and that we shall order a new trial in all cases where, in such actions, a verdict may have been influenced by the con-

sideration of such unauthorized evidence." The evidence was there admitted by the court, and served no apparent purpose other than to influence the jury against the defendant and to prevent a fair and impartial hearing by them. Not so in this case, as we have seen, but quite the contrary.

Second. The testimony as to the reputation of Milton Carden in the mill for carelessness and incompetency was fully considered before, and what was then said need not be repeated. "If the master becomes aware that the servant has become, for any reason, unfit for the service in which he has employed him, in such a sense as to endanger the safety of his other servants, it will become his duty to discharge the unfit servant; and if, failing in this duty, one of his other servants is injured by the negligence of the unfit servant, he will have an action for damages against the master." Thompson on Negligence, sec. 4050. "The hiring or retention of a servant whose unfitness for his duties, whether it arises from his want of skill, his physical and mental qualities, or his bad habits, if known, actually or constructively, to the master, is culpable negligence, for which the master must respond in damages to any other servants who may suffer injury through that unfitness. The essential ground upon which the liability thus predicated is based is that 'the master impliedly contracts that he will use due care in engaging the services of those who are reasonably fit and competent for the performance of their respective duties in the common service.' " Labatt on M. and S. (2 Ed.), sec. 1079. It therefore makes no difference that Milton Carden, whose negligence caused the injury, was a fellow-servant of the plaintiff, as the jury must have found that he was incompetent and that the master knew it before the plaintiff was hurt in the operation of the machine. *Walters v. Lumber Co.,* 163 N. C., 541.

Third. The charge as to the assumption of risk was correct and in accordance with the law as we have often declared it, and also substantially in response to defendant's own prayer. Plaintiff assumed the risk involved in the negligence of his fellow-servant, but not that arising out of the negligence of the master in selecting him, if he knew that he was incompetent, as the risk

in that event would be caused by the master's own negligence, as will appear by reference to the authorities above cited, and *Orr v. Telephone Co.*, 132 N. C., 691; *Pressly v. Yarn Mills*, 138 N. C., 410; *Norris v. Cotton Mills*, 154 N. C., 485. We think this defense was properly submitted to the jury, so far as applicable under the pleadings and evidence. *Ammons v. Manufacturing Co., post*, 449.

Fourth. The general character of Milton Carden, he not being a witness, was not in issue, and evidence in regard to it was properly excluded. *McRae v. Lilly*, 23 N. C., 118; *Heilig v. Dumas*, 65 N. C., 214; *Clement v. Rogers*, 95 N. C., 253; *Norris v. Stewart*, 105 N. C., 457; *Marcom v. Adams*, 122 N. C., 225.

Fifth. The exception to that part of the charge relating to the measure of damages is untenable. The court charged according to the rule as stated in *Fry v. R. R.*, 159 N. C., 362, and recently in *Johnson v. R. R.*, 163 N. C., 451.

Sixth. Upon the motion to nonsuit, which was refused, there was evidence of defendant's negligence, which should be construed most favorably for the plaintiff. It may be that the jury should have found the other way, but we cannot say there was no evidence to support the verdict, nor do we mean to intimate that the verdict was not a correct one.

No error.